FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2021

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY JOHNSON,<br><br>                      Plaintiff,<br><br>   v.<br><br>SAGE PORT GRILLE, individually, and MICHELLE J. NILSON, individually,<br><br>                    Defendants. | NO:  4:21-CV-5041-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) |

BEFORE THE COURT is a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), ECF No. 6, from Defendants Sage Port Grill and Michelle J. Nilson.  Plaintiff Jeremy Johnson responded and opposes the motion. ECF No. 9.  Defendants did not file a reply.[1]  Having reviewed the parties' filings, the remaining docket, and the relevant law, the Court is fully informed.

---

[1] The Court may interpret a failure to file a reply as consent to entry of an adverse order.  LCivR 7(e).

1

**BACKGROUND**

2      Plaintiff Johnson seeks declaratory and injunctive relief, attorney's fees, and

3  costs from Defendants under the Americans with Disabilities Act ("ADA"), 42

4  U.S.C. § 12181, *et seq* and under the Washington Law Against Discrimination

5  ("WLAD"), Revised Code of Washington ("RCW") 49.60.030(1).  Plaintiff alleges

6  that around October 26, 2020, he visited Defendants' business but was denied full

7  and equal access to, and full and equal enjoyment of, the facilities, services, goods,

8  privileges and accommodations offered to others without disabilities, due to his

9  accessibility requirements stemming from his disability.  ECF No. 1 at 2.

10      Plaintiff alleges that the Defendants' premises have undergone remodeling

11  since January 26, 1990, the effective date of Title III of the ADA, under which

12  Plaintiff is pursuing his claim, and since March 15, 2012, the date of the specific

13  regulation on which Plaintiff relies.  *Id.* at 3–4.  Plaintiff alleges that Defendants'

14  failure to remove "architectural barriers" prevented Plaintiff from fully and safely

15  accessing all of the benefits, accommodations, and services of Defendants and that

16  Plaintiff is deterred from returning to Defendants' business until the barriers are

17  removed.  *Id.* at 4.  Plaintiff alleges that thirty barriers are non-compliant with the

18  ADA or its implementing regulations.  Among the barriers that Plaintiff alleges are a

19  failure to provide van-accessible parking spaces and failure to provide ADA-

20  compliant parking for Plaintiff, who alleges that he utilizes a wheelchair due to his

21  disability; failure to have ADA-compliant table seating and clearances; failure to

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) ~ 2

outfit the premises with ADA-compliant carpet or carpet tile, entrance door landing

and front door approach pull clearance; failure to provide ADA-accessible service,

sales, and bar counters; failure to provide ADA-compliant restroom door width

clearance, door hardware, interior restroom door approach pull clearances; failure to

ensure unobstructed, clear floor space in the lavatory or grab bars in the restroom

compartment; and failure to install a mirror or paper towel dispenser at ADA-

compliant heights.  *Id.* at 5–13.

## LEGAL STANDARD

When a defendant challenges a complaint's sufficiency under Fed. R. Civ. P.

12(b)(6), the court must determine whether the complaint bears "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)).  A claim is plausible when the plaintiff pleads "factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "In sum, for a complaint

to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable

inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual

allegations in the complaint as true and construe[s] the pleadings in the light most

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) ~ 3

favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marin Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted).

## DISCUSSION

Defendants move for dismissal of Plaintiff's Complaint based on five alleged deficiencies: (1) Plaintiff fails to adequately allege which elements of the subject premises have undergone alterations, what the alleged alterations were, and when the alleged alterations occurred to trigger any duties under 28 C.F.R. § 36.406; (2) Plaintiff fails to allege which elements of the subject premises have undergone alterations, what the alleged alterations were, and when the alleged alterations occurred to trigger any duties under 28 C.F.R. § 36.302; (3) Plaintiff fails to adequately allege which elements of "unfair practices" that Defendant Sage Port has committed, which is a necessary element to trigger the duties imposed by the WLAD; (4) Plaintiff's assertion that Defendants violate the WLAD "by violating multiple accessibility requirements under the ADA" is contrary to the plain language of RCW 49.60.215; and (5) Plaintiff fails to establish standing by neglecting to allege an injury in fact "with respect to alleged violations that do not impact the Plaintiff's enjoyment of the premises due to the specifics of his disability" and by neglecting to allege redressability "with respect to alleged violations which, if

1  remedies, Plaintiff would not be able to utilize due to the specifics of his disability."

2  ECF No. 6 at 2–3.

3  ***Standing***

4       The Court first addresses Defendants' standing argument, as standing is a

5  threshold issue for the Court's exercise of jurisdiction under the United States

6  Constitution. *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950–51

7  (2019) ("To reach the merits of a case, an Article III court must have jurisdiction. . .

8  . As a jurisdictional requirement, standing to litigate cannot be waived or

9  forfeited.").  A litigant must explain how the three essential elements of Article III

10  standing are met: "(1) a concrete and particularized injury, that (2) is fairly traceable

11  to the challenged conduct, and (3) is likely to be redressed by a favorable decision."

12  *Id.* at 1950.

13       Plaintiff alleges that when he visited Defendants' premises on or around

14  October 26, 2020, he was "denied full and equal access to, and full and equal

15  enjoyment of the facilities, services, goods, privileges and accommodations offered

16  to others without disabilities; because of his disability requirements."  ECF No. 1 at

17  2.  Plaintiff further alleges that "Plaintiff lives in Benton County, Washington and

18  travels in the surrounding areas near Defendants' facilities on a regular basis for

19  shopping, dining and entertainment."  *Id.*  In addition, Plaintiff alleges thirty specific

20  violations of the ADA and its implementing regulations that, if true and if remedied,

21  allegedly would remedy Plaintiff's impediments to accessing and enjoying

Defendants' facilities and services. *See id.* at 5–13. Plaintiff alleges that the alleged

violations, in the form of various architectural barriers, result in actual injury to him:

> The above-referenced barriers will likely cause a repeated real injury in
> fact in a similar way if not remedied when the Plaintiff frequents this
> property again as described previously. Each of these barriers interfered
> with the Plaintiff's full and equal enjoyment of the facility and deterred
> Plaintiff from encountering all applicable barriers at the premises by
> failing to allow Plaintiff the same access due to the Plaintiff's disability
> as those enjoy without disabilities.

*Id.* at 13.

Defendants do not refer to Fed. R. Civ. P. 12(b)(1), providing for dismissal

based on lack of subject matter jurisdiction, and Defendants offer only skeletal

argument for lack of standing as their final ground for dismissal. In Plaintiff's

Complaint, he seeks injunctive relief on the basis that he allegedly utilizes a

wheelchair due to his disability, lives in the area of Defendants' facilities and

frequents shopping, dining, and entertainment establishments, and was inhibited by

approximately thirty barriers in Defendants' establishment from fully and equally

enjoying its accommodations. ECF No. 1. These allegations state an imminent

threat of future injury that in theory would be redressed by requiring Defendants to

remedy the architectural barriers. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555,

560 (1992) (requiring a showing that the alleged injury is personal to plaintiff, not

speculative, and actual or imminent). The Court finds that Plaintiff sufficiently

alleges the constitutional minimum requirements of standing to survive dismissal at

this early stage in the litigation.

*ADA Claim*

Title III of the ADA prohibits discrimination against disabled persons that inhibits the full and equal enjoyment of public accommodations.  42 U.S.C. §12182(a).  Restaurants are public accommodations.  42 U.S.C. § 12181(7)(B).

To prevail on his ADA discrimination claim, Plaintiff must establish three elements: (1) that he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.  *Ariz. Ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010).  Plaintiff may satisfy the third element by showing that Defendants violated applicable accessibility standards that are set forth in the ADA Accessibility Guidelines ("ADAAG").  *See, e.g., Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

"The overall policy of the ADA is to require relatively few changes to existing buildings, but to impose extensive design requirements when buildings are modified or replaced."  *Twede v. Univ. of Washington*, 309 F. Supp. 3d 886, 900 (W.D. Wash. 2018).  Toward that end, Title III sets forth three categories of accessibility requirements, to which corresponding ADAAG apply: the "new construction" provisions, which apply to public accommodations constructed after January 26, 1992; the "alteration" provisions, which apply to post-January 26, 1992 alterations to buildings that existed as of that date; and the "readily achievable" provisions,

which apply to unaltered portions of buildings constructed before January 26, 1993.

*See, e.g., Moeller v. Taco Bell Corp*., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011).

A facility that existed when the ADA was enacted only must remove "architectural barriers" where doing so is "readily achievable." *See* 42 U.S.C. § 12182(b)(2)(A)(iv). However, the ADA requires that any alterations made after January 26, 1992, to an existing building be made "readily accessible to and useable by" individuals with disabilities "to the maximum extent feasible[.]" 42 U.S.C. § 12183(a)(2). An entity must comply with the ADAAG in effect at the time of alteration. *See* 28 C.F.R. § 36 App. A (providing that an existing "facility is subject to the alterations requirements and standards in effect at the time of the alteration").

Here, Plaintiff alleges in his Complaint both that Defendants' premises have undergone alterations "since January 26, 1990 and more specifically March 15, 2012, as it pertains to 28 C.F.R. § 36.406," and that removal of barriers on the premises was "readily achievable." ECF No. 1 at 3–4

Defendants argue that Plaintiff's ADA claim fails because Plaintiff does not specify which part of the premises were allegedly altered and when. ECF No. 6 at 6–8. However, accepting Plaintiff's allegations as true and construing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff sufficiently alleges the grounds on which his ADA discrimination claim rests without specifying the dates on which alleged alterations occurred. Moreover, As Defendants are better situated than Plaintiff to know which portions of the premises

were altered, and when, and whether removal of barriers on unaltered portions of the premises was readily achievable, additional notice is not necessary. *See Molski v. Foley Estates Vineyard & Winery, LLC*, 531 F.3d 1043, 1048 (9th Cir. 2008) (holding that defendant "bore the initial burden of production on the question of ready achievability" because it had "the best access to information regarding" that issue). Accordingly, the Court denies Defendants' Motion to Dismiss with respect to Plaintiff's ADA claim.

### *WLAD*

As recited above, Defendants move to dismiss Plaintiff's WLAD claim by arguing that Plaintiff does not allege what "unfair practices" Defendants have committed and that RCW 49.60.215 does not allow for Plaintiff's claim that Defendants violate the WLAD "by violating multiple accessibility requirements under the ADA." ECF No. 6 at 2–3.

WLAD makes it unlawful for any person or the person's agent or employee to commit, among other things, discrimination in a place of public accommodation. *Floeting v. Grp. Health Coop.*, 192 Wn.2d 848, 856 (Wash. 2019); RCW § 49.60.215 (providing that it is an "unfair practice" to commit any act forbidden by the statute). A claim for discriminatory denial of access under WLAD requires Plaintiff to establish the following four elements:

(1) they have a disability recognized under the statute; (2) the defendant's business or establishment is a place of public accommodation; (3) they were discriminated against by receiving

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) ~ 9

1
2
treatment that was not comparable to the level of designated services provided to individuals without disabilities by or at the place of public accommodation; and (4) the disability was a substantial factor causing the discrimination.

3
4
*Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 637 (1996).

5
6
7
8
9
10
11
12
Defendants argue that Plaintiff's WLAD claim cannot be reconciled with the statement by RCW 49.60.215 that "'this section shall not be construed to require structural changes, modifications, or additions to make any place accessible to a person with a disability except as otherwise required by law.'" ECF No. 6 at 14 (quoting RCW 49.60.215) (Defendants' emphasis removed). Although WLAD does not require a facility to undergo structural changes to ensure accessibility, the exemption quoted by Defendants "does not relieve the operator of a place of public accommodation of the duty to make reasonable accommodation[s]." WAC 162-26-100(2).

13
14
15
16
17
18
19
20
21
Whether a possible accommodation is "reasonable" depends on the cost of making the accommodation, the size of the place of accommodation, the availability of staff to make the accommodation, the importance of the service to the person with a disability, and other factors bearing on reasonableness in the particular situation. WAC 162-26-080. Accordingly, even without a requirement of making any structural changes, modifications, or additions except as otherwise required by law, the third element of Plaintiff's WLAD claim mirrors the analysis of whether the removal of the barriers alleged by Plaintiff is "readily achievable" under Plaintiff's

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) ~ 10

1    ADA claim. *See Paulsen v. PS Bus. Parks, LP*, No. C10-1031 MJP, 2011 U.S. Dist.

2    LEXIS 85845, at *10–11 (W.D. Wash. Aug. 4, 2011) (in analyzing a WLAD

3    disability discrimination claim, finding that "the WLAD analysis mirrors the

4    discussion regarding which barrier removal actions are 'readily achievable.'").

5        As the elements of Plaintiff's WLAD claim are analogous to the elements of

6    an ADA claim, Plaintiff has sufficiently alleged a WLAD to survive Defendants'

7    Motion to Dismiss.  The Court denies Defendants' Motion to Dismiss with respect to

8    Plaintiff's WLAD claim, as well.

9        Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to

10   Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), **ECF No. 6**, is

11   **DENIED**.  A scheduling conference to determine a trial schedule in this matter will

12   be set by separate notice.

13       **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

14   Order and provide copies to counsel.

15       **DATED** December 14, 2021.

16

17       *s/ Rosanna Malouf Peterson*

         ROSANNA MALOUF PETERSON
         Senior United States District Judge

18

19

20

21

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) ~ 11